# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Harold Allen,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>First National Bank of Omaha,<br>　　　　　Defendant | Docket No. 3:18-cv-1216-RDM<br>(JUDGE ROBERT D. MARIANI)<br><br><br><br><br>ELECTRONICALLY FILED |

## PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT

1. Plaintiff is a "person" as that term is defined in 47 U.S.C. § 153(39). (Defendant's Response to Plaintiff's Request for Admission # 1.)[1]

2. Defendant is a "person" as that term is defined in 47 U.S.C. § 153(39). (Defendant's Response to Plaintiff's Request for Admission # 2.)

3. At all relevant times, Plaintiff's cell phone number has been (570) 401-6330 ("the Cell Number"). (Allen Dep. p. 46:14-24; 53:8-56:19.)

---

[1] Defendant's Response to Plaintiff's Request for Admission is attached to the Affidavit of Brett Freeman as Exhibit A.

4. At all relevant times, Defendant knew that the Cell Number was assigned to a cellular telephone network. (Osborne Dep. p. 78:11-21.)

5. On May 25, 2016, Plaintiff called Respondent. (Osborne Dep. p. 18:5-18.)

6. A true and correct transcription of a recording of this telephone call is attached to the Affidavit of Brett Freeman as Exhibit B.

7. During the May 25, 2016 telephone call, Plaintiff stated, *inter alia*, "I ask that you please stop calling any phone number regarding any account, but you can contact me by mail." (Ex. B to the Freeman Aff.)

8. A copy of the call logs documenting the non-manual calls that were placed in this case, and which was discussed in the Osbourne deposition, is attached to the Freeman Affidavit as Exhibit C. (Osbourne Dep pp. 63-64.)

9. After May 25, 2016, Defendant called the Cell Number 594 times. (Osbourne Dep. pp. 80:6-83:15.)

10. This debt was not owed to or guaranteed by the United States. (Defendant's Response to Plaintiff's Request for Admission # 16.)

11. After May 25, 2016, Defendant placed 236 calls to the Cell Number using a prerecorded voice. (Osbourne Dep: pp. 36:23-37:19; 98:19-99:4; Exhibit D to Freeman Affidavit at ¶ 17.)

12. Defendant's corporate designee confirmed that all of those 236 calls would have played a prerecorded voice, even if the recipient's equipment did not record the message for some reason, such as if the recipient's voicemail was full. (Osbourne Dep: pp. 36:23-37:19; 98:19-99:4.)

13. All of the telephone calls were originated in the United States. (Osborne Dep. p. 92:7-9.)

14. After May 25, 2016, Plaintiff never gave consent for Defendant to call his cell phone. (Osborne Dep. p. 17:13-18:4.)

15. None of these telephone calls were placed for an emergency purpose. (Defendant's Response to Plaintiff's Request for Admission # 14.)

16. On May 25, 2016, Defendant was not engaging in any telemarketing calls. (Osborne Dep pp. 29:6-30:7.)

*s/ Brett Freeman*
Brett Freeman
Bar Number PA 308834
Attorney for Plaintiff
SABATINI FREEMAN, LLC
216 N. Blakely St.
Dunmore, PA 18512
P: (570) 341-9000
F: (570) 504-2769
bfecf@sabatinilawfirm.com

**CERTIFICATE OF SERVICE**

Service is being effectuated via the CM/ECF system.

*s/ Brett Freeman*
Brett Freeman
