## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Harold Allen,<br><div align="center">Plaintiff</div><br>v.<br><br>First National Bank of Omaha,<br><div align="right">Defendant</div> | Docket No. 3:18-cv-1216-RDM<br>(JUDGE ROBERT D. MARIANI)<br><br><br><br><br>ELECTRONICALLY FILED |

### PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT FOR 236 TELEPHONE CALLS

#### INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff, Harold Allen, filed a lawsuit against Defendant, First National Bank of Omaha, alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Specifically, Plaintiff claims that Defendant violated the statute when it placed 594 automated telephone calls to his cellular telephone after he had revoked consent to receive any further telephone calls. Plaintiff is now filing a motion for summary judgment with respect to 236 of these telephone calls. All of these 236 calls were placed using a prerecorded voice, which is a type of equipment regulated by the TCPA.

STATEMENT OF FACTS

Plaintiff is an individual consumer who fell on hard times and
became delinquent on his debts. On May 25, 2016, Plaintiff contacted
Defendant and stated, *inter alia*, "I ask that you please stop calling any
phone number regarding any account, but you can contact me by mail."
(Plaintiff's Statement of Undisputed Material Facts ("SUMF") ¶¶ 5-7.)
There is no dispute that Plaintiff contacted Defendant on this date, nor
is there any dispute about the content of this telephone call. (SUMF ¶¶
5-7.)  However, Defendant did not honor Plaintiff's request, and it
thereafter placed hundreds of telephone calls to his cellular telephone.
(SUMF ¶ 9.) 236 of these calls were placed using a prerecorded voice.
(SUMF ¶¶ 11-12.)

QUESTION PRESENTED

Whether Plaintiff is entitled to summary judgment with respect to
the 236 telephone calls placed using a prerecorded voice.

**Suggested Answer:** Yes.

APPLICABLE STANDARD

Summary judgment is appropriate "if the pleadings, depositions,
answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Foehl v. United States,* 238 F.3d 474, 477 (3d Cir. 2001). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In deciding a summary judgment motion, a court must view the facts in the light most favorable to the non-moving party, and it must draw all reasonable inferences and resolve all doubts in that party's favor. *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 388 (3d Cir. 2017).

"[W]here the non-moving party bears the burden of proof on a particular issue, the party seeking summary judgment may discharge its initial burden by 'pointing out to the district court that there is an absence of evidence to support the non-moving party's case.'" *Hartman v. Greenwich Walk Homeowners' Ass'n, Inc.*, 71 F. App'x 135, at fn. 2 (3d Cir. 2003); *see also Daubert*, 861 F.3d at 388.

If the moving party satisfies this burden, the burden shifts to the non-moving party who must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). If the non-moving party's evidence in opposition to a properly supported motion for summary judgment is "merely colorable" or "not significantly probative," the Court may grant summary judgment. *Anderson,* 477 U.S. at 249-50.

## ARGUMENT

In passing the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, Congress acted to "protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines and automatic dialers." S. Rep. No. 102-178, at 1 (1991) as reprinted in 1991 U.S.C.C.A.N. 1968. The TCPA is a "remedial statute that was passed to protect consumers from unwanted telephone calls." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271 (3d Cir. 2013). "Because the TCPA is a remedial statute, it should be construed to benefit consumers." *Id.* Additionally, pursuant to the statute, the Federal Communications Commission has issued various regulations implementing the TCPA, which are codified at 47 C.F.R. § 64.1200.

The TCPA provides, *inter alia*:

(1) Prohibitions[:] It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

    (A)   to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
    ***

    (iii)  to any telephone number assigned to a paging service, [or] cellular telephone service, . . .

47 U.S.C. § 227 (b)(1)(A)(iii).

The TCPA provides a private right of action for violations of this subsection, or of the regulations issued thereunder, to recover either the actual monetary loss from such violations or statutory damages of $500 for each violation, whichever is greater. 47 U.S.C. § 227(b)(3). A court may treble the amount of damages awarded if the court finds that the violations were committed "willfully or knowingly." *Id*. Here, Plaintiff's TCPA claim seeks statutory damages only, as the minimum statutory damages exceed the actual damages he suffered.

To prove a violation of the TCPA, Plaintiff needs to establish the following elements: (1) Plaintiff is a "person"; (2) Defendant is a

"person"; (3) Defendant placed a call to Plaintiff; (4) Plaintiff or the caller was in the United States; (5) the call was placed to a number assigned to a cellular telephone service; and (6) the call was made using an automatic telephone dialing system, a prerecorded voice, or an artificial voice. There are only two defenses for calls that otherwise violate the TCPA: (a) the call was placed for an emergency purpose;[1] or (b) the call was placed with the recipient's prior express consent.

Plaintiff will discuss each of these items below.

1. *Elements that are not in dispute.*

For purposes of this motion, nearly all of the elements are not in dispute. Specifically, there can be no doubt that (1) Plaintiff is a "person" (SUMF ¶ 1); (2) Defendant is a "person" (SUMF ¶ 1); (3) Defendant placed 236 calls to Plaintiff (SUMF ¶ 11); (4) the calls originated in the United States (SUMF ¶ 13); and (5) the call was placed to a number assigned to a cellular telephone service (SUMF ¶¶ 3-4). Additionally, the calls were not placed for an emergency purpose (SUMF ¶ 15). The only elements that remain are whether Defendant

---

[1] Defendant has admitted that the calls were not made for an emergency purpose. (SUMF ¶ 15.)

placed these calls using equipment that is regulated by the TCPA, and

whether the calls were placed with Plaintiff's prior express consent.

2. *Defendant used equipment regulated by the TCPA when it placed the 236 telephone calls.*

The TCPA prohibits, *inter alia*, calling a cellular telephone using a

prerecorded voice. 47 U.S.C. § 227(b)(1)(A).[2] Defendant's designee

confirmed that the calls were placed using a prerecorded voice. (SUMF

¶ 11.) Defendant's designee further admitted that for each of these calls

the prerecorded voice would play irrespective of whether Plaintiff's

voicemail was recording the message. (SUMF ¶ 12.) As a result, there

cannot be any genuine dispute that Defendant used equipment

regulated by the TCPA when it placed these 236 calls—namely a

prerecorded voice.

3. *Plaintiff revoked his consent to receive any further telephone calls on May 25, 2016.*

As the Third Circuit has held, "the TCPA allows consumers to

revoke their prior express consent." *Gager v. Dell Fin. Servs., LLC*, 727

F.3d 265, 271 (3d Cir. 2013). The FCC, the agency in charge of

---

[2] Of course, these calls would be permissible if the caller had prior express consent to place them. But, as discussed *infra*, here the calls were placed without prior express consent.

implementing the TCPA, has made it clear that a defendant has the burden of establishing that it had prior express consent to place automated telephone calls. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 07-232 ¶ 10 (2008)("Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent."). The FCC has also confirmed that consumers "have a right to revoke consent, using any reasonable method including orally or in writing. **Consumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities.**" *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 at ¶ 64 (2015)(emphasis added). Here, there should be no doubt that Plaintiff did revoke his consent to receive telephone calls, and that he did so using a reasonable method.

On May 25, 2016, Plaintiff called Defendant. (SUMF ¶ 5.) And, as Defendant provided a recording of the call, the content of the

conversation is also not in dispute. And, it is clear that during this call Plaintiff revoked his consent. Specifically, he stated: "I ask that you please stop calling any phone number regarding any account, but you can contact me by mail." (SUMF ¶ 7.) Furthermore, this method of revoking consent was reasonable, as Plaintiff used one of the methods specifically endorsed by the FCC—a consumer-initiated call to the business.

Thus, because Plaintiff clearly revoked his consent to receive further telephone calls using a reasonable method, any calls placed after May 25, 2016 were placed without consent. And, because the other elements necessary to support a TCPA claim have been demonstrated for the 236 prerecorded message calls, Plaintiff is entitled to summary judgment for all of these calls.

<div align="center">CONCLUSION</div>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion for summary judgment in the amount of $118,000, which represents $500 for each of the calls placed using a prerecorded message.

<div align="right">

*s/ Brett Freeman*
Brett Freeman
</div>

Bar Number PA 308834
Attorney for Plaintiff
SABATINI FREEMAN, LLC
216 N. Blakely St.
Dunmore, PA 18512
P: (570) 341-9000
F: (570) 504-2769
bfecf@sabatinilawfirm.com

## CERTIFICATE OF SERVICE

Service is being effectuated via the CM/ECF system.

*s/ Brett Freeman*
Brett Freeman